

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FRANCIS C. TUCKER, | ) | Case No. 18-bk-709 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| JOHN P. FITZGERALD, III, Acting | ) | |
| United States Trustee, and | ) | |
| JEANETTE M. WAKIM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 19-ap-12 *(lead case)* |
| | ) | Adv. Proc. No. 19-ap-14 *(administratively* |
| | ) | *consolidated)* |
| FRANCIS C. TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Both Jeanette Wakim and the United States Trustee (jointly, the "Movants") filed complaints against Francis Tucker (the "Debtor") to deny his anticipated Chapter 7 discharge. Ms. Wakim seeks summary judgment on each of her three counts (11 U.S.C. § 727(a)(3)-(5)). The United States Trustee ("UST") seeks summary judgment on Count VI (11 U.S.C. §727(a)(3)) of its six-count complaint. The Debtor opposes both motions based in part upon his assertion that he adequately explained his failure to preserve information from which interested parties could ascertain his financial condition and the absence of more than $1,000,000 he received only a few years prepetition.

For the reasons stated herein, the court will enter a separate order granting Ms. Wakim summary judgment and denying the Debtor a discharge.

1

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II. BACKGROUND

Notably, the Debtor does not contest any of the pertinent facts. In 2015, Francis C. Tucker (the "Debtor") received more than $1,000,000 from his mother. Also in 2015, the Debtor purchased real property in Florida for $150,000, and he sold the property in October 2016 for

$220,000. According to the Debtor, he spent his mother's gift, including the proceeds from the Florida property, between then and the beginning of 2017.

Prepetition, Ms. Wakim filed suit against the Debtor and his mother. During that litigation, Ms. Wakim deposed the Debtor. During his deposition, the Debtor claimed that bank records, travel and lodging reservations, his passport, and photos could all corroborate his explanation about how he spent at least some of the $1,000,000 gift from his mother. Notably, however, the Debtor never produced documentary evidence regarding his travel or gambling. On July 25, 2018, he sought relief under Chapter 7 of the Bankruptcy Code. On Official Form 106A/B (Schedule A/B: Property), the Debtor identified assets valued at $32,046.00, of which he attributed $22,000 to a Harley-Davidson motorcycle.

During the bankruptcy case, the court ordered that the Debtor be subject to an examination under Fed. R. Bankr. P. 2004. In conjunction with that examination, the court's December 2018 order required the Debtor to produce a variety of documents, including "any and all documents evidencing the expenditure of funds in four years prior to filing of the bankruptcy case, including bank statements and or check registers." As he did in the prepetition litigation, the Debtor failed to produce any documentary evidence supporting his explanation about the expenditure of the $1,000,000 gift from his mother.

### III. DISCUSSION

Ms. Wakim asserts that she is entitled to summary judgment on each of the three counts she alleges in her complaint. As to Count III (11 U.S.C. § 727(a)(5)) specifically, Ms. Wakim contends that the Debtor failed to satisfactorily explain the loss of more than $1,000,000 in the few years before seeking bankruptcy relief. In that regard, she argues that the court should not be persuaded by the Debtor's uncorroborated assertion that he spent the money traveling—including to Las Vegas and Europe—gambling, drinking, and gifting money to family members. Ms. Wakim notes that the Debtor never produced any documentary evidence as to how he spent the $1,000,000 despite claiming he possessed some such evidence.

Regarding § 727(a)(5) specifically, the Debtor continues to rely on his explanation that he spent more than $1,000,000 in various ways during the few years before he filed his Chapter 7 bankruptcy case. Additionally, he contends that he does not keep receipts or use credit cards such that those records do not exist.

> It is a long-standing principle and expression that Chapter 7 of the Bankruptcy Code permits honest but unfortunate debtors to discharge their pre-petition personal liability for debts.  11 U.S.C. § 727(a) and (b).  "However, certain provisions of § 727 prohibit discharge for those who play fast and loose with their assets or with the reality of their affairs."

*United States Trustee v. Rahmi (In re Rahmi)*, 535 B.R. 655, 660-61 (Bankr. N.D. W. Va. 2015) (quoting *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 249 (4th Cir. 1994) (internal quotation omitted)).

Indeed, "discharges under [§] 727 are a privilege, not a right, and the privilege should only be afforded to the 'honest but unfortunate debtor' which the Bankruptcy Code is designed to protect."  *Quality Car and Truck Leasing, Inc. v. Adkins (In re Adkins)*, 578 B.R. 382, 390 (Bankr. S.D. W. Va. 2017) (citing *Rahmi*, 535 B.R. at 660-61).

A debtor is ineligible for a Chapter 7 discharge if "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities."  11 U.S.C. § 727(a)(5).

> The initial burden is on the objector, and that entity must establish that the debtor at one time owned a substantial identifiable asset, not too remote in time to the date of the commencement of the case; and that on the date of filing the voluntary petition the debtor no longer had the particular asset.

*Adkins*, 578 B.R. at 392 (internal quotation omitted).  Notably, "all an objecting creditor need do is identify missing assets; once that is done, the debtor must explain in a satisfactory manner the loss of those assets."  *Id*. (citing *Sigmon v. Belk (In re Belk)*, 509 B.R. 513, 522 (W.D.N.C. 2014)).  "The explanation 'must be more than a vague, indefinite, and uncorroborated hodgepodge of financial transactions.'"  *Id*; *see Martinez v. Sears (In re Sears)*, 565 B.R. 184, 192 (B.A.P. 10th Cir. 2017) ("Multiple circuits require some corroboration of the debtor's testimony . . . .  Other circuits and bankruptcy courts have held that explanations . . . in general terms, that merely suggest reasons for the loss, fall short of the mark.").  "Importantly, the determination of whether the debtor's explanation is sufficient lies squarely within the court's discretion . . . ."  *Adkins*, 578 B.R. at 393.

Here, the court finds the Debtor's explanation insufficient to avoid denial of his discharge under § 727(a)(5).  It is undisputed that the Debtor possessed over $1,000,000, much of which was in cash, within a few years before seeking bankruptcy relief.  According to the Debtor, he spent the money between August 2015 and the beginning of 2017.  In support of his assertion, he baldly

claims that he spent the proceeds traveling, gambling, drinking, and gifting money to family members. Despite his contention he does not keep receipts and does not use credit cards, the court is unpersuaded that zero documentary evidence exists to corroborate his explanation. Indeed, he testified that some such evidence existed, but he has failed to produce any such evidence during the past several years, including in response to this court's order setting the Rule 2004 examination. The Debtor's failure to provide any corroborating documentary evidence leads the court to conclude that the Debtor's explanation is unreliable and not credible. The court's consideration of the undisputed facts against the legal backdrop outlined above leads inexorably to the denial of the Debtor's discharge. *See Kaler v. Huynh (In re Huynh)*, 392 B.R. 802, 814 (Bankr. D.N.D. 2008) (denying a debtor a discharge under § 727(a)(5) when debtors were unable to offer any corroboration to account for gambling losses).

## IV. CONCLUSION

Based on the foregoing, and consistent with Fed. R. Bankr. P. 7058, the court will enter a separate order granting summary judgment to Ms. Wakim and denying the Debtor a discharge under § 727(a)(5).